[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiffs, owners of a parcel of land used for conducting a restaurant business located in Milford, Connecticut, are appealing a determination of the Board of Tax Review as to the valuation of their property for tax purposes.
The assessor of the Town of Milford valued the property at $421,000 as of October 1, 1993. The plaintiffs appealed to the Board of Tax Review which determined the assessors value was incorrect and accordingly reduced the assessment to $403,400.
The plaintiffs, the owners of the property as admitted in the defendants answer to the application, claim to be aggrieved by this valuation which they claim is excessive, disproportionate and unlawful.
The plaintiff at the hearing on the application offered the testimony of a qualified real estate appraiser, Joseph F. Perrelli. Mr. Perrelli testified that he found the value of the property in question to be $310,000. To reach this conclusion he testified that he used several different approaches; an income approach and a sales comparison approach. The first attempts to determine the value of a piece of property by attempting to arrive at an income figure that the property is capable of generating through the use of a number of appropriate factors and the second, to arrive at a market value by comparison of sales prices of property thought to be comparable to the property under analysis or appraisal. (See Plaintiff's Exh. A.) Upon completion of his analysis Mr. Perrelli opined that the reasonable value of the property was $310,000 and to the extent that this figure is exceeded by the defendants assessment for tax purposes on the List of October 1, 1993 it is excessive and disproportionate.
The defendant on the other hand offered evidence through its assessor, William Gaffney, that in his opinion the property was properly assessed at his figure of $421,900, albeit that the Board of Tax Review reduced the assessment as previously noted. Mr. Gaffney, also a qualified and licensed appraiser of real CT Page 5256-F property, used several approaches to arrive at a market value of this property as did Mr. Perrelli. Mr. Gaffney used a sales comparison approach and an income capitalization analysis and also employed a cost approach unlike Mr. Perrelli who felt that the cost approach was of little value in today's economic environment. (Transcript p. 8). The assessor also conducted a city-wide reassessment which occasioned this evaluation and this involves the obtaining of income and expense figures from all non-residential taxpayers, input from builders and developers of commercial property as well as bankers to arrive at a market value for the various commercial and industrial properties in the community which are subject to tax.
The assessor's opinion as to the value of this property as of the assessment date was $421,900. With the sales comparison method his figure was $434,200 and the income capitalization method was $438,900. The latter two figures were arrived at subsequent to the initial assessment largely to confirm the assessment figure for this proceeding according to Mr. Gaffney. (See Transcript p. 103).
It was brought out at the hearing additionally that the plaintiffs in the course of acquiring this property spent in excess of $728,824 to purchase the property, raze an existing building and construct a new one in order to open its business. This was completed as of February 1990, only 18 months before the city's assessment. In the opinion of the court this would seem to have some relevance in the determination of the value of this property but Mr. Perrelli was not made aware of this when he was asked by the plaintiffs to prepare an appraisal (Transcript p. 34) nor did he think that this figure had any relation to market value (Transcript p. 34).
Also of interest was the testimony of Wayne Velten who was employed by the plaintiffs to monitor their properties including the property in question. He testified that this property was purchased in the latter part of 1988 for $395,000 (Transcript p. 69) and the present building was then constructed on the site. He also testified that in connection with that construction two appraisals of the property were ordered by the plaintiffs to obtain financing required for the project. These appraisals (Defendant's Exh. 3 and 4) were dated February 27, 1990 and October 11, 1989 respectively and were for the amounts of $550,000 and $450,000. It also seems that these appraisals would also have some relevance, however tenuous, to a determination of CT Page 5256-G fair market value as of October 1, 1993, a time span of at most four years.
After a review of all of the above the court cannot conclude that the assessor's determination of fair market value represented an inequitable conclusion. It does not appear that the discretion allowed to the assessor's evaluation of fair market value was in this case abused, discriminatory, erroneous or so unreasonable that the plaintiff's property was substantially overvalued, if at all. Accordingly, the application is dismissed.
George W. Ripley, Judge